IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:20-CR- |
| | ) | |
| v. | ) | Count 1: 26 U.S.C. § 7202 |
| | ) | (Willful Failure to Account For and |
| | ) | Pay Employment Taxes) |
| STEVE CHOI | ) | |
| Defendant. | ) | |

## CRIMINAL INFORMATION

The United States charges that, on or about the dates stated:

### Background

1. Defendant, STEVE CHOI ("CHOI") was the founder, President, and operator of the following companies (collectively referred herein as "the Entities"), which provided food services within government buildings located inside and outside the District of Columbia:

- IL Creation of Maryland, Inc. (EIN 52-2319123)
- IL Creation of Washington DC, Inc. (EIN 20-2850165)
- JAC-USDA, Inc. (EIN 46-1381718)
- ITLC-LOC, Inc. (EIN 45-3581766)
- ILCC, Inc. (EIN 01-0953612)
- IL Creation The Market Place, Inc. (EIN 52-2146991)
- IL Green, Inc. (EIN 45-2233796)
- Market Place Parklawn, Inc. (EIN 45-2521969)
- IL Creations, Inc. (EIN 26-3030971)

2. In particular, at all times relevant to this Information, JAC-USDA, Inc, was a corporation doing business in Washington, D.C., which is within the District of Columbia.

3. At all times relevant to this Information, the Entities withheld taxes from its employees' paychecks, including federal income taxes, Medicare and Social Security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes). These taxes are referred herein collectively as "employment taxes."

4. The Entities were required to make deposits of the employment taxes to the Internal Revenue Service on a periodic basis. In addition, the Entities were required to file, following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

5. From 2012 to 2015, CHOI exercised control over the Entities' business affairs, including hiring and firing employees, directing employees in their work duties, approving payments, and making financial decisions. Ultimate and final decision-making authority regarding the Entities' business activities rested with CHOI.

6. As the President and operator of the Entities, CHOI was a "responsible person," that is he had the corporate responsibility to collect, truthfully account for, and pay over employment taxes.

7. CHOI knew about the Entities' employment tax liabilities as early as 2011, if not earlier, and was frequently apprised between 2011 and 2015 of his employment tax responsibilities with respect to the Entities. From 2011 to 2015, CHOI was told of the accruing employment tax liability by the Entities' employees, and was separately informed that the

Entities had accrued an employment tax liability by correspondence from the IRS and when interviewed by Revenue Officers and Agents from the IRS.

8. Throughout the calendar years 2012 to 2015, the Entities withheld tax payments from its employees' paychecks, but failed to fully remit payments to the Internal Revenue Service that were due, thereby accruing over $2,750,000 in employment tax liabilities.

9. During the period 2011 through 2015, CHOI caused the Entities to make millions of dollars of expenditures, including expenditures for CHOI's personal benefit while, at the same time, failing to pay over to the IRS employment taxes withheld from employees' paychecks. For example, CHOI caused the Entities to spend over a million dollars from 2011 through 2015 in personal salary and advances to himself and donations to his church. CHOI also instructed employees to pay other business expenses, including expenses related to the opening and operating of new locations when he was aware that taxes were due and owing.

## COUNT ONE
**(Willful Failure to Account For and Pay Employment Taxes)**

10. Paragraphs 1 through 9 of this Information are hereby incorporated by reference herein.

11. During the fourth quarter of the year 2014, ending December 31, 2014, CHOI collected and caused to be collected from the total taxable wages of JAC-USDA, Inc's employees, Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes and federal income taxes, in the amount of $121,666.34.

12. Beginning on or about January 31, 2015, and continuing up to and including on or about December 31, 2015, in the District of the District of Columbia and elsewhere, the defendant,

**STEVE CHOI,**

3

did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and FICA taxes due and owing to the United States on behalf of JAC-USDA and its employees, for the fourth quarter of 2014.

**(All in violation of Title 26, United States Code, Section 7202)**

RICHARD E. ZUCKERMAN
DEPUTY ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION

By: _____
Jack A. Morgan
Trial Attorney, Tax Division
United States Department of Justice
Phone: 202-353-7580
Email: Jack.A.Morgan@tax.usdoj.gov

Eric C. Schmale
Trial Attorney, Tax Division
United States Department of Justice
Phone: (202) 514-5614
Email: Eric.C.Schmale@tax.USDOJ.gov

JESSIE K. LIU
UNITED STATES ATTORNEY IN AND FOR
THE DISTRICT OF COLUMBIA

By: _____
J.P. Cooney
Assistant United State Attorney
Fraud & Public Corruption Section
Phone: 202-252-7251
Email: Joseph.Cooney@usdoj.gov

DATED: January 6, 2020