# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 20-CR-0006 (KBJ) |
| v.  : | |
| : | |
| STEVE CHOI, : | |
|     Defendant. : | |

## UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION TO TRAVEL

The United States, by and through undersigned counsel, has concerns that the defendant Steve Choi's overseas travel may be used to facilitate his flight from this jurisdiction, but defers to the Court whether, on balance notwithstanding these concerns, such travel is appropriate. If the Court authorizes the travel, the United States respectfully requests that additional conditions of release be imposed to ensure the defendant's appearance at sentencing, including frequent reporting to the Probation Office and a substantial third-party surety.

## FACTUAL BACKGROUND

On February 7, 2020, the defendant pled guilty to a single count of employment tax fraud, in violation of 26. U.S.C. § 7202. As part of the plea agreement, the parties agreed that the defendant caused an employment tax loss of $4,461,414.98 for tax quarters occurring between 2012 and 2015, as well as a sales tax loss of $6,285,955.17 to the District of Columbia from 2011 to 2015. The total tax loss resulting from the defendant's criminal conduct is $10,747,370.13. Assuming credit for acceptance of responsibility, the plea agreement anticipates that the defendant's offense level will be a 23, and assuming a Criminal History Category I, his guideline range will be 46 to 57 months.

The Court released the defendant on his own recognizance but limited his travel to the D.C. metropolitan area. On February 11, 2020, the defendant moved the Court to permit him to travel to South Korea from February 27 to March 25, 2020 to visit his purportedly ailing 84 year-old father-in-law.

## ARGUMENT

The defendant has pled guilty to a massive payroll and sales tax fraud that spanned years. While it is presently uncertain, the companies that he operated may lose their government contracts as a result of his conviction. These include contracts to provide food services and/or operate cafeterias with the Department of Justice, the Internal Revenue Service, the Drug Enforcement Agency, the United States Department of Agriculture, the Department of Energy, NASA, Health and Human Services, the Department of Commerce, and the Library of Congress, among other federal locations in the District of Columbia. The enormity and scope of the fraud are mitigated slightly by the Defendant's cooperative posture with the Government since learning of the criminal investigation, including postponing the instant trip. They do not erase, however, the plain reality that the defendant is facing a substantial period of incarceration and an $11 million restitution order, which he is highly unlikely to be able to fully repay. Nor do they address the fact that the defendant is seeking to travel to a foreign jurisdiction where he was born[1] and where he has apparent family and support. This fact is corroborated by Customs and Border Protection records,

---

[1] In the event that the defendant chose to stay in South Korea, the United States has an extradition treaty with the country that seemingly permits extradition for tax offenses but with an important limitation: "[n]either Contracting State shall be bound to extradite its own nationals, but the Requested States shall have the power to extradite such person if, in its discretion, it be deemed proper to do so." Extradition Treaty Between U.S. and Republic of Korea, art. II, III, Dec. 20, 1999, available at https://www.state.gov/12962. The defendant was born in South Korea, but later became a naturalized United States citizen. Defense counsel has advised that the defendant "is sure he is not a Korean national." Apart from his averment, the United States does not have any evidence to corroborate the statement.

which appear to indicate that he has traveled annually to South Korea over the past three years, including most recently in April 2019. Thus, while the Government is sensitive to his desire to visit an ill relative, it has substantial concerns that the travel may facilitate flight and would potentially leave him outside the reach of this Court prior to sentencing. Accordingly, the Government defers to the Court as to whether travel should be permitted in any instance, but if the Court permits travel, the Government requests that a substantial third-party surety[2] be provided to ensure his return to the United States.

DATED:	February 12, 2020

                Respectfully Submitted,

                TIMOTHY J. SHEA
                United States Attorney
                District of Columbia

By:	/s/ Jack Morgan
      Jack Morgan, Trial Attorney
      Jack.A.Morgan@usdoj.gov
      202-353-7580
      Eric Schmale, Trial Attorney
      Eric.C.Schmale@tax.USDOJ.gov
      (202) 514-5614
      Veronica Sanchez, AUSA
      VSanchez@usa.doj.gov
      202-252-7518
      Department of Justice Tax Division
      150 M Street NE
      Room 1.116
      Washington, DC  20002

---

[2] The Government does not believe that a personal bond is appropriate as most of the defendant's domestic assets are either encumbered or could be encumbered by the I.R.S.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **No. 20-CR-0006 (KBJ)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **STEVE CHOI** | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              By:   /s/ Jack Morgan
                                                        Jack Morgan, Trial Attorney
                                                        Jack.A.Morgan@usdoj.gov
                                                        202-353-7580
                                                        Eric Schmale, Trial Attorney
                                                        Eric.C.Schmale@tax.USDOJ.gov
                                                        (202) 514-5614
                                                        Veronica Sanchez, AUSA
                                                        VSanchez@usa.doj.gov
                                                        202-252-7518
                                                        Department of Justice Tax Division
                                                        150 M Street NE
                                                        Room 1.116
                                                        Washington, DC  20002